COBBAN, RESPONDENT, v. HINDS, TREASURER OF SILVER BOW COUNTY, ET AL., APPELLANTS.

[No. 1,450.]

[Submitted October 5, 1899. Decided November 27, 1899.]

*Taxation—Assessment—Sale for Nonpayment—Injunction.*

1.  An assessment is not void because made upon several parcels of land in gross, and equity will not enjoin the sale of separate lots, assessed in gross, for the collection of taxes thereon, where complainant does not show that he attempted to have the irregularity, of which he now complains, corrected by application to the board of equalization, and offers no excuse for not doing so. (*Deloughrey* v. *Hines*, 23 Mont. 260, affirmed).

2.  Under Political Code, Sections 4023-4026, which prohibit courts and judges from restraining the sale of property for nonpayment of any tax, except where the tax is illegal or not authorized by law, or where the property is exempt from taxation, the listing of lands to the wrong person is no ground for restraining the tax sale; since under Political Code, Sections 3700, 3916, 4014, it is but an irregularity or informality, which, of itself, does not avoid the assessment nor render the tax "illegal or unauthorized."

3.  An owner of land is, in law, bound to know: that his property is liable to taxation, and would be assessed annually; that a listing to one other than the owner would not avoid an assessment otherwise regular; when the taxes would fall due and should be paid, hence he cannot successfully urge, as a reason why his lands should be relieved of the lien for taxes, that he did not know of the assessment, and had no opportunity to discharge the taxes.

4.  The fact that the notice under which a tax sale was threatened was published but three weeks, whereas the statute required four weeks, does not render the taxes "illegal or unauthorized by law," within Political Code, Sections 4023-4026, so as to authorize the enjoining of the collection of such tax.

5.  The fact that a county treasurer intends to violate Political Code, Sections 3922, 3923, by exposing for sale for the delinquent taxes for 1898 part of the lands purchased by the county at the tax sales of 1897, and yet unredeemed, does not entitle the owner of the equity of redemption to an injunction; since Section 4026 provides that the remedy before the board of equalization shall supersede the remedy of injunction and all other remedies which might be invoked to prevent a collection of taxes alleged to be irregularly levied or demanded, except in unusual cases, where the remedy thereby provided is deemed by the court to be inadquate.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by W. F. Cobban against Thomas R. Hinds, treasurer of Silver Bow county, and said county. From a judgment entered on sustaining a demurrer to the complaint, defendants appeal. *Reversed.*

## STATEMENT OF THE CASE.

The plaintiff is the owner of an undivided interest in certain real estate situate in the county of Silver Bow. The defendant treasurer being about to sell said real estate for the amount of the taxes due thereon and delinquent for the years 1890, 1892, 1893, 1894, 1895, 1896, and 1898, the plaintiff brought this action to enjoin him from selling, or offering for sale, the property, or any part thereof, for delinquent taxes for those years. The complaint charges, in substance, that the assessment of the property for 1890 is void because the tracts of land and city lots were not separately assessed or valued, but were assessed in gross, together with other lots and parcels of land, of which neither the plaintiff nor his predecessor in interest was the owner; that for each year, beginning with 1890 and ending with 1898, the real estate was assessed to persons other than the true owners, and that neither the plaintiff nor his predecessor in interest had notice of or opportunity to contest the assessment, or notice to pay the taxes; that in 1892 the treasurer of the county sold all of the property to the county of Silver Bow in satisfaction of the taxes delinquent for the year 1891, and that in 1898 the defendant treasurer sold a portion of the property to the county of Silver Bow for the delinquent taxes of the year 1897, and that the property has never been redeemed from either sale; that at the time of the assessment of 1890 the statutes of Montana provided that notice of the sale by the treasurer for delinquent taxes should be published once a week for four weeks the first of which publications should be at least four weeks before the day appointed for the sale, whereas the notice under which the treasurer now threatens to sell the property is but a three weeks' notice. A demurrer for insufficiency was overruled, and, the defendants refusing to plead further, a judgment was entered, in accordance with the prayer of the complaint, perpetually enjoining the defendant treasurer from selling, or attempting to sell, or from offering for sale, the property, or any part thereof, for the taxes de-

linquent for any of the years mentioned.    The defendants appeal from the judgment.

Mr. *C. B. Nolan*, Attorney General, Mr. *C. P. Connolly* and Mr. *R. L. Clinton*, for Appellants.

Citing:    *Casey* v. *Wright*, 14 Mont. 316; *Ward* v. *Co. Commissioners*, 12 Mont. 32; *German Nat'l Bank* v. *Kimball*, 103 U. S. 732; *N. P. R. R. Co.* v. *Patterson*, 10 Mont. 103; *Fifield* v. *Marinette Co.*, 62 Wis. 532; *First Nat'l Bank* v. *Bailey*, 15 Mont. 308; Political Code secs. 4023, 4014, 4024, 4025; Constitution Art. XII., sec. 6; *N. P. R. R. Co.* v. *Carland*, 5 Mont. 153.

Mr. *J. K. McDonald*, Mr. *C. D. Tillinghast*, Mr. *Robt. McBride* and Mr. *F. T. McBride*, for Respondent.

Plaintiff had no notice of any of the alleged assessments complained of and no opportunity to be heard relative thereto.

The Statutory and Code provisions of Montana under which the alleged assessments complained of were made, are as follows:    Sec. 1684, Fifth Division, Comp. Statutes 1887; Sec. 13, Laws of Mont., Ex. Sess. 1887; Secs. 19, 20, Sec. Session, 1891; Secs. 3706, 3707, Political Code, 1895; Sec. 3725, Political Code, 1895.

Montana has adopted almost without change the California law relative to the levy of taxes; the corresponding sections of the California Code relative to the assessment of real property being 3635 to 3638, inclusive, Political Code of California.

A statute of a foreign state which has been adopted by the legislature of this state without provision respecting its interpretation is to be interpreted and construed according to the construction it has received in the courts of the state where it was enacted, and the intention of the legislature to adopt such construction is implied. (*Lindley* v. *Davis*, 6 Mont. 463; *First Nat. Bank* v. *Bell S. & C. M. Co.*, 8 Mont. 32; *Price* v. *Lush*, 10 Mont. 61; *Murray* v. *Heinze*, 17

Mont. 353; *Largey* v. *Chapman*, 18 Mont. 567; *Oleson* v. *Wilson*, 20 Mont. 552.)

The California courts have frequently passed upon these provisions of the Code. In *Grotefend* v. *Ultz* the court says, "The first duty of the assessor under these provisions is to ascertain the name of the owners of each piece of property and assess it to *him*; his second, if he fails to ascertain the name of the owner, is to assess it to 'unknown owners'"; an assessment otherwise made is void. (*Grotefend* v. *Ultz*, 53 Cal. 666; *Kelsey* v. *Abbott*, 13 Cal. 609; *Smith* v. *Davis*, 30 Cal. 537; *Blatner* v. *Davis*, 32 Cal. 628; *Hearst* v. *Egglestone*, 55 Cal. 365; *Bosworth* v. *Webster*, 64 Cal. 1; *Weyse* v. *Crawford*, 85 Cal. 199; *Shipman* v. *Forbis*, 97 Cal. 574; *Gwin* v. *Dierssen*, 36 Pac. 103; Black on Tax Titles, Sec. 105; *Whitney* v. *Thomas*, 23 N. Y. 281–285; *Bird* v. *Benlisa*, 142 U. S. 644; 12 S. C. Rep. 323; *Powers* v. *Larrabee*, 49 N. W. 727; Cooley on Taxation, pages 363, 364; Justice Field, in *County of San Mateo* v. *S. P. R. R. Co.*, 13 Fed. 752; Cooley on Taxation, pages 365, 366; *Stuart* v. *Palmer*, 74 N. Y. 183.)

Provisions of the law for giving notice are mandatory and must be scrupulously observed. (Cooley on Taxation, 2nd Edition, page 287; *Overing* v. *Foote*, 65 N. Y. 263, 269; *Stuart* v. *Palmer*, 74 id. 183; *Thomas* v. *Gaine*, 35 Mich. 155, 164; *The State* v. *Jersey City*, 24 N. J. L. 4 Zabr. 662, 666; *The State* v. *Newark*, 31 Id. 360, 363; *The State* v. *Trenton*, 36 Id. 499, 504; *The State* v. *Elizabeth*, 37 Id. 357; *The State* v. *Plainfield*, 38 Id. 97; *County of San Mateo*, v. *Southern Pacific R. R. Co.*, 13 Fed. 752; *County of Santa Clara* v. *Southern Pacific R. R. Co.*, 18 Fed. 385.)

To the effect that notice is jurisdictional, plaintiff cites, in addition to the authorities above presented, the cases decided by Judge Knowles in the circuit court, district of Montana. (*Powder River Cattle Company* v. *Board of Com., Custer County*, 45 Fed. Rep. 323; and *Western Ranches* v. *Custer County*, 89 Fed. Rep. 580.)

"This right to a hearing is fundamental and indestructible.

Without it taxation is confiscation.   The amount of tax demanded of the citizen is an arbitrary exaction if he has had no legal right to be heard.   It is true that the hearing, to constitute due process of law, need not be the same in tax proceedings as in ordinary proceedings in courts of justice.   Such a rule would cause intolerable delays.   It cannot be doubted that our law providing for a hearing before the boards of equalization, and designating the time when such a hearing may be had, if desired, by the tax payer, is not vulnerable to the constitutional objection that the property of the citizen is taken without 'due process of law.' "   (*Hager* v. *Reclamation Dist.* 111 U. S. 701, 4 Sup. Ct. Rep. 663; *Davidson* v. *New Orleans*, 96 U. S. 97; *Trustees* v. *City of Davenport*, (Iowa) 22 N. W. Rep. 904; *Kelly* v. *City of Pittsburg*, 104 U. S. 78; *Lent* v. *Tillson*, 72 Cal. 404, 14 Pac. Rep. 71; *Railroad Company* v. *Commonwealth*, 115 U. S. 321, 6 Sup. Court Rep. 57; *State* v. *Tax Cases*, 92 U. S. 575-610.)   "But it is equally well settled, and it stands upon adamant, that there shall be a hearing of some kind before some person or body."   (*Powers* v. *Larabee*, 49 N. W. 727, and cases cited.)

It is admitted that for the year 1890 the property was not separately assessed, was not assessed to the owner or to unknown owners (*City of St. Louis, Mo.*, v. *Wenneker*, 47 S. W. 105), and that at the time of the alleged assessment that upon a sale of property for delinquent taxes a notice of four weeks must be given and that the notice under which it is proposed to sell the property for said year is for three weeks only. The argument relative to notice applies to this year with especial force.   A notice for a shorter period than prescribed by law is wholly illegal.

An assessment in bulk of all the town lots in an addition to a stranger to the title of one-half of all the lots assessed and an effort to sell all of said lots in bulk under such an alleged assessment is certainly something more than a mere "informality."   One of the requirements of law which is especially designed for the protection of tax payers, which is imperative, and which is practically universal, is that each separate

and distinct parcel of land shall be separately assessed and valued, hence the assessment of a joint tax on two parcels of land belonging to different owners based on a joint valuation thereof creates no lien for the whole or any part of the tax. (Black on Tax Titles, Sec. 102.)

In case property assessed for taxes is purchased by the county, it must not be exposed for sale until the period of redemption has expired. (Sec. 3922, Political Code.) The sale of the property and the deed executed to the purchaser would result in a cloud upon the plaintiff's title. The deed, by Section 3897, Political Code, is made *prima facie* evidence of its validity.

"If the proceedings in the assessment and levy of a tax upon land are not void upon their face, the tax will attach as a lien upon the land from the time fixed by the statute. And this tax lien, if it is illegal, but not patently so, will constitute a cloud upon the owner's title, even before it is foreclosed by sale of the property. And even in jurisdictions where the tax is not made a specific lien upon land, the advertisement of the land, as intended to be sold for taxes, is a threat of the creation of an adverse claim, which, when brought into being, will be a cloud on the title. Now equity has power to avert, as well as to remove, such a cloud. On both these grounds, therefore, equity may interfere, upon proper grounds being shown, not only after the sale to cancel the certificate or deed, but before any sale, to declare the assessment void and restrain the collection of the tax." (Black on Tax Titles, Sec. 216; *Milwaukee Iron Co.* v. *Hubbard*, 29 Wis. 51; *McPike* v. *Pen*, 51 Mo. 63; *Peach* v. *Hayes*, 58 How. Prac. 17; *Pixley* v. *Huggins*, 15 Cal. 132; *Hogan* v. *Shirdler*, 29 Cal. 55; *Thomas* v. *Simons*, 103 Ind. 538, S. C. 2, N. E. 203, and 3 N. E. 381; Cooley on Taxation, page 780.)

Where the assessment complained of is illegal and void an injunction is the proper remedy, and no tender need be made. (*Bank* v. *Maher*, 9 Fed. 884; *Yocum* v. *First Nat. Bank*, 38 N. E. 600; *City of Delphi* v. *Bowen*, 61 Ind. 33; *Hobbs* v. *Tiplon Co.*, 3 N. E. 263; *Northern Pacific R. R. Co.* v. *Galvin*, 85 Fed. 811; *Powers* v. *Larrabee*, 49 N. W. 727.)

The remedy by injunction against an illegal and void sale is the proper one. (*Yocum* v. *First National Bank*, 38 N. E. 600; *rehearing denied*, 45 N. E. 15; Cooley on Taxation, page 751; Black on Tax Titles, 217; *Woodruff* v. *Perry*, 103 Cal. 611.)

And the statute and its remedies for errors and irregularities has no application. (*Ogden City* v. *Armstrong*, 18 Sup. Ct. Rep. 98–104.)

The Code of Washington provides for the assessment of land to the owner or occupant, if known, and if not known, the land may be so assessed without stating the name of any owner.

Under such law the supreme court of Washington, in *Baer* v. *Choir*, 32 Pac. 776, holds that the assessment of land not occupied in the name of a person not the owner was unauthorized and void. (*Baer* v. *Choir*, 7 Wash. 631, S. C. 32 Pac. 776; see also, *Northern Pac. R. R. Co.* v. *Galvin*, 85 Fed. 811–814; *Green Mountain S. R. Co.* v. *Savage*, 15 Mont. 189.)

In the case at bar, plaintiff denies the jurisdiction of the assessor, and alleges that he had *no notice* or opportunity to be heard.

In all cases, without exception, passed upon by our Supreme Court, the party complaining and seeking an injunction had notice and an opportunity to be heard as to the validity and justice of the assessments. (*N. P. R. R. Co.* v. *Patterson*, 10 Mont. 104–106; *Ward* v. *Commissioners*, 12 Mont. 23; *Casey* v. *Wright*, 14 Mont. 315; *State ex rel. Beall* v. *Ellis*, 15 Mont. 225; *Nat. Bank* v. *Bailey*, 15 Mont 301; *rehearing same case*, 16 Mont. 135.)

In the case of *Bank* v. *Bailey*, 15 Mont. 301, the bank raised the point that it had no notice of the assessment, although it was apparently made in its name and it had furnished the list of property to the assessor to enable him to assess the stockholders. The Court did not say "notice is not required by law;" on the contrary, it acquiesced in the proposition that if no notice had been given the injunction should

issue, and decided that the bank, by alleging it had furnished the list, had shown that it had notice, and that any error or illegality in the assessment was of such a nature as the bank could have had corrected by the board of equalization, 15 Mont. p. 308. The Court cites *Stanley* v. *Supervisors*, 121 U. S. 550, to the effect that "when the assessing officer has jurisdiction then before a citizen can apply to the court for injunction, he must have first applied to board of revision." The opinion in that case was delivered by Justice Field—there was no question as to notice. Per contra, if the assessing officer never acquired jurisdiction, the citizen would be entitled to injunction without having first made such application. In the rehearing had in *Bank* v. *Bailey*, reported in 16 Mont. 135, the question was raised that the board had raised the assessment without notice. The Court assumes that if such act had been done that injunction would lie, but find as a matter of fact there had been no increase in the assessment.

The statute provision, held by the courts to impart notice of the making of the original assessment, is that the real estate shall be assessed in the name of the owner when known and to unknown owners when the owner is unknown. Where the assessment is to be increased, notice is to be given by board. (Section 3780, Political Code.)

Failure to give notice provided by statute in either case, would leave the assessor in the one case and the board of equalization in the other, without jurisdiction.

The position taken by defendants that under no circumstances can a sale of property for illegal taxes be enjoined unless the plaintiff first tender the amount which he considers a proper tax upon his property, is not reasonable.

With such a view of the law, it is wholly immaterial whether an assessment of any kind be made or attempted—it is a matter of no importance whether a board of equalization has been organized, met, or an opportunity been given for a hearing as to the valuation, or any irregularity, or any illegality in the proceedings looking toward the collection of the tax. It is a matter of unnecessary labor and expense for the

assessor to list the property in separate and distinct parcels, or to assess it to its respective owners; all that is necessary is for the treasurer to fix upon an amount which will probably be sufficient to meet the running expenses of the county and advertise all or any part of the property in his county for sale in such lots as may suit his fancy, or the fancy of his prospective purchasers, and if the tax payer is not satisfied with this arrangement, all that he is required to do is to approximate what tax his particular lot should bear, and tender such an amount to the treasurer, and then litigate the question whether his approximation was or was not sufficiently accurate to save his property from sale. All the safeguards which the Constitution provides for the preservation of property rights may be ignored, and the citizen is without remedy.

Such, certainly, is not the law in Montana or elsewhere. Defendants suggest that the rules which obtain in other states of the Union prohibiting the taking of private property for public purposes without due process of law, are without force or effect in this state—that in Montana, of all the states of the Union, the right to a hearing before judgment is dependent upon something else besides citizenship—that if any charge of any kind or by any proceeding has been made against the property of a citizen and has been by the powers that be designated a tax, whether such charge be illegal or not, the owner is an outlaw in the courts of the state and is deprived of the rights guaranteed to the humblest citizen unless he confess judgment for the amount of an assessment never made or pay the amount of a tax never levied.

The right of the state to impose upon all property its just proportion of the expenses of government is not questioned, but such right does not justify confiscation—the property of the citizen can only be taken by due process of law, and in every case due process of law requires notice and an opportunity to be heard.

### BRIEF OF APPELLANTS IN REPLY.

Cited: Sec. 154, page 119, Session Laws 1891, and Sec. 3926, Political Code, 1895; *Bucknall* v. *Story*, 36 Cal. 70;

*Hannah Winkle* v. *Georgetown,* 15 Wall. 548; *Perrington* v. *People,* 79 Ill. 13; *De Witt* v. *Hayes,* 2 Cal. 469; *Burr* v. *Hunt,* 18 Cal. 307; *Robinson* v. *Gaar,* 6 Cal. 275; *Berri* v. *Patch,* 13 Cal. 299, 300; *Weber* v. *City of San Francisco,* 1 Cal. 455; *Hardenburg* v. *Kidd,* 10 Cal. 403; Cooley on Taxation, page 779; *Sanders* v. *Yonkers,* 63 N. Y. 489; *Temple Grove Seminary* v. *Cramer,* 98 N. Y. 121; *Messerole* v. *Brooklyn,* 8 Paige 198; *Wiggin* v. *N. Y.,* 9 Paige 16; *Van Doren* v. *N. Y.,* 9 Paige 388; *Livingston* v. *Hollenback,* 4 Barb. 9, 16; *VanRensselaer* v. *Kidd,* 4 Barb. 17; *Bouton* v. *Brooklyn,* 15 Barb. 375; *Cox* v. *Clift,* 2 N. Y. 118; *Scott* v. *Onderdonk,* 14 N. Y. 9; *Hatch* v. *Buffalo,* 38 N. Y. 276; *Newall* v. *Wheeler,* 48 N. Y. 486; *Dean* v. *Madison,* 9 Wis. 402; *Head* v. *James,* 13 Wis. 641; *Shepardson* v. *Sup. of Milwaukee,* 28 Wis. 593; *M. I. Co.* v. *Hubbard,* 29 Wis. 51; *Floyd* v. *Gilbreath,* 27 Ark. 675; *Mobile, etc.* v. *Peebles,* 47 Ala. 317; *Robinson* v. *Garr,* 6 Cal. 273; *Bucknall* v. *Story,* 36 Cal. 67; *Ewing* v. *St. Louis,* 5 Wall. 413; *Hannewinkle* v. *Georgetown,* 15 Wall. 547; *Crane* v. *Randolph,* 30 Ark. 579; *Detroit* v. *Martin,* 34 Mich. 170; *Curtis* v. *East Saginaw,* 35 Mich. 508; *Briggs* v. *Johnson,* 71 Me. 235; *Harkness* v. *B. of P. W.,* 1 MacA. 121; *Eastman* v. *Thayer,* 60 N. H. 408; *Busbee* v. *Lewis,* 85 N. C. 332; Sec. 3700, Political Code, 1895; *Lake Co.* v. *Sierre B. O. M. Co.,* 66 Cal. 19; Welty on Assessments, page 143; *Landreyan* v. *Pepin,* 86 Cal. 124; Sec. 3916 of the Political Code of 1895; Sec. 1736, P. 1133, Comp. Statutes, 1887; Sec 46, P. 99, Ex. 15 Leg. Sess. 1887; Sec. 148, P. 118, Sess. Laws, 1891; Sec. 3906, Political Code, 1895; Sec. 3780, Political Code, 1895; Sec. 22, Laws Extra Session, 1887; *State R. R. Tax Case,* 92 U. S. 604; *Railroad Tax Case,* 8 Sawyer, 274; Desty on Taxation, Vol. I., P. 600, 615; *Meyer* v. *Rosenblatt,* 74 Mo. 496; *Munson* v. *Miller,* 66 Ill. p. 383; Sec. 240, page 128, Laws of 1891; Sec. 197, page 127, Laws of 1891.

MR. JUSTICE PIGOTT, after stating the case, delivered the opinion of the court.

1.   The contention of the plaintiff, to the effect that the assessment for 1890 was void because made upon several parcels of land in gross, and without separate valuation, has been considered in the late case of *Deloughrey* v. *Hinds*, 23 Mont. 260, 58 Pac. 709, and held untenable.   The facts pleaded in the case at bar are not to be distinguished, upon principle, from those presented in the Deloughrey case, the doctrines whereof we affirm and again apply.   The plaintiff, and those under whom he claims, were conclusively charged with knowledge of the time and place, appointed by law, when and where the board of equalization would meet; they knew that the lands owned by them would be assessed for the year 1890; and no excuse is offered for their omission to seek at the hands of the board a correction of the informality or irregularity of which they now complain.

2.   The plaintiff insists that the assessments are void because the lands were listed by the assessor to persons other than the owners.   The several statutes in force when the respective assessments were made furnish a complete answer to the contention.   In 1890, Section 46 of ''An act to provide for the levy of taxes and assessment of property,'' approved September 14, 1887, was in effect.   It provided:   ''When any lands or town lots are offered for sale for any taxes, it shall not be necessary to sell the same as the property of any person or persons; and no sale of any land or town lot for taxes shall be invalid on account of its having been charged on the assessment roll in any other name than that of the rightful owner or charged as unknown; but such land must in other respects be sufficiently described on the tax roll to identify it, and the taxes for which it is sold be due and unpaid at the time of such sale.''   In 1891 there was passed ''An act concerning revenue,'' approved March 6th of that year.   Section 13 of this act, after providing that the assessor must assess property to the person by whom it was owned or claimed, or in whose possession or control it was, proceeds to declare that ''no mistake in the name of the owner, or supposed owner, of real property, renders the assessment thereof invalid;'' section

148 of the act is as follows: "When land is sold for taxes correctly imposed as the property of a particular person, no misnomer of the owner, or supposed owner, or other mistake relating to the ownership thereof, affects the sale or renders it void or voidable,"—a paraphrase being: When land is sold, for taxes correctly imposed thereon, as the property of a particular person (or when land is sold, as the property of a particular person, for taxes correctly imposed upon the land), no misnomer of the owner, or supposed owner, or other mistake relating to the ownership thereof, affects the sale or renders it void or voidable; and section 197 provides that "no assessment or act relating to assessment or collection of taxes is illegal on account of informality, nor because the same was not completed within the time required by law." These provisions of sections 13, 148 and 197 of the act of 1891 were incorporated into the Political Code of 1895, and appear as sections 3700, 3916 and 4014. Under these statutes it is plain that the listing of land in the name of a person other than the owner is but an irregularity or informality which, of itself, does not avoid the assessment nor render the tax illegal or unauthorized. The name of the owner of the real property is, for all purposes of taxation except perhaps the imposition of a personal liability, comparatively unimportant. Support for these views is found in *Landregan* v. *Peppin*, 86 Cal. 122, 24 Pac. 859; *Haight* v. *Mayor, etc.*, 99 N. Y. 280, 1 N. E. 883; *Merrick* v. *Hutt*, 15 Ark. 331; *Trust Co.* v. *Weber*, 96 Ill. 346; *State* v. *Matthews*, 40 N. J. Law 268; *Bradley* v. *Bouchard*, 85 Mich. 18, 48 N. W. 208; *Hill* v. *Graham*, 72 Mich. 659, 40 N. W. 779; *Stilz* v. *City of Indianapolis*, 81 Ind. 582; *Schrodt* v. *Deputy*, 88 Ind. 90; *Strauch* v. *Shoemaker*, 1 Watts & S. 166. The listing of lands to the wrong person affords no ground for restraining the collection, by sale of the property itself, of the taxes due thereon. Sections 4023 to 4026, inclusive, of the Political Code, prohibit courts and judges from enjoining the collection of any tax, and from restraining the sale of the property for nonpayment of any tax, except in those instances where the tax is illegal, or not author-

ized by law, or where the property is exempt from taxation, and provide the means and remedies whereby the rights of persons who deem the taxes irregularly or improperly demanded of the owners, or sought to be enforced against the property, may be guarded and protected, and of these remedies the plaintiff, if injured, may avail himself. In this case it is not pretended that the property was exempt, nor that the taxes were not levied in conformity with the law, nor is there a suggestion that the valuation was unjust or excessive. The plaintiff and his grantors knew—or, what is equivalent to knowledge, were bound to know—that the property was liable to taxation, and would be assessed annually, and that a listing to one other than the owner would not avoid an assessment otherwise regular. He and they knew when the taxes would fall due and should be paid, and he cannot, in this action, successfully urge, as a reason why his lands should be relieved of the lien for taxes, that he did not know of the assessment, and had no opportunity to discharge the taxes.

3.   Section 4017 of the Political Code provides that the taxes assessed prior to July 1, 1895, must be collected under the laws in force at the time the assessment was made, and in the same manner as if the Code had not been passed. When the assessment of 1890 was made, a notice of four weeks before the sale of property for delinquent taxes was required, whereas the notice under which the treasurer now threatens to sell the lands is but a three weeks' notice. This irregularity or infirmity, whatever consequences might flow from it touching the proposed sale when made, has not the effect of rendering the taxes illegal or unauthorized by law. Nor does the fact that the treasurer intends to violate sections 3922 and 3923 of the Political Code, by exposing for sale, for the delinquent taxes for 1898, part of the lands purchased by the county at the sale for the taxes of 1897, and yet unredeemed, entitle the plaintiff to an injunction. Section 4026, *supra*, declares that the remedy provided by sections 4024 and 4025 "shall supersede the remedy of injunction and all other remedies which might be invoked to prevent the collection of

taxes or licenses alleged to be irregularly levied or demanded, except in unusual cases, where the remedy hereby provided is deemed by the court to be inadequate.''

There is nothing in this case sufficient to warrant the granting of the equitable remedy of injunction against the intended sale. The remedy at law is plain and adequate for the redress of the plaintiff's alleged grievances. The judgment is therefore reversed, and the cause remanded, with instructions to sustain the demurrer to the complaint.

*Reversed and remanded.*

