HENSLEY, APPELLANT, *v.* CITY OF BUTTE ET AL., RESPONDENTS.

(No. 2,178.)

(Submitted November 11, 1905. Decided November 24, 1905.)

*Municipal Corporations— Taxation— Improvement Districts— Illegal Levy—Remedies—Equity—Practice.*

Practice—Objection to Introduction of Evidence—Effect.
   1. An objection to the introduction of any evidence confesses, for the purposes of the objection, the truth of the allegations of the complaint which are sufficiently pleaded.

Cities—Special Improvements—Taxation—Levy—When Void.
   2. Taxes levied by a city for special improvement purposes are absolutely void, where the city council proceeds to create an improvement district, notwithstanding owners representing more than one-half of the area of the property to be assessed to defray the cost of such improvement, appear before it and object to the final adoption of the resolution creating the district for the purpose indicated.

Cities—Special Improvements—Taxation—Void Levy—Remedies.
   3. Where a tax levied by a city for special improvement purposes was manifestly void under all circumstances and not merely "ir-

regularly levied or demanded,'' the remedy provided by Political Code, sections 4024-4026, is not exclusive, but the aid of a court of equity by way of injunction may be invoked to restrain the collection of such tax.

*Appeal from District Court, Silver Bow County; George M. Bourquin, Judge.*

ACTION brought by Lavinia Hensley against the City of Butte and Ben E. Calkins, treasurer. From an order vacating a temporary restraining order and refusing an injunction *pendente lite,* plaintiff appeals.

*Mr. Lewis P. Forestell, Mr. John F. Davies* and *Mr. Edwin M. Lamb,* for Respondents.

Under the holding in *Western Ranches* v. *Custer County,* 28 Mont. 278, 72 Pac. 659, following *Western Ranches* v. *Custer County,* 89 Fed. 577, it is extremely difficult to conceive how the lower court could otherwise rule than that plaintiff had an adequate remedy for her case at law—an adequate remedy at law necessarily barring relief in equity.

It is altogether a matter of legislative will whether differences arising over taxes between a municipality and a taxpayer shall be determined by an action at law or by a suit in equity. Each court must construe the statutes of its own state to determine such legislative will.

Apparently, a void special assessment, under the Utah statutes, may be reached by a suit in equity, for, as the court says in *Armstrong* v. *Ogden City,* 12 Utah, 476, 43 Pac. 121, "the whole field of equitable relief was open to them (special taxpayers)." But the statutes of Minnesota will not permit a special taxpayer to resort to equity to determine an illegal assessment. (*Fajder* v. *Village of Aitkin,* 87 Minn. 445, 92 N. W. 332.) So, the Montana statutes, judicially construed, restrict the equitable field in the matter of taxes void for want of jurisdiction to unusual cases, where the court deems the legal remedy inadequate. (Pol. Code, sec. 4026.) Plaintiff, however, makes no claim that the remedy at law is inadequate in her case. There is no distinction between a general tax and a special assessment from the standpoint of remedy and collection.

(*Fajder* v. *Village of Aitkin,* 87 Minn. 445, 92 N. W. 332; *Webster* v. *People,* 98 Ill. 343; *Potwin* v. *Johnson,* 106 Ill. 532; *People* v. *Springer,* 106 Ill. 542; *Herhold* v. *Chicago,* 106 Ill. 547; *Schlierbach* v. *Pana,* 13 Ill. App. 382.) "The title, 'An Act to provide a system of revenue,' is broad enough to include provisions for special assessments." (*City of Omaha* v. *Hodgskins* (Neb.), 97 N. W. 346; *Wilson* v. *City of Auburn,* 27 Neb. 435, 43 N. W. 257.)

Sections 4024, 4025 and 4026 of the Political Code are embraced within a title styled "Revenue." Said sections comprise a statute entitled (judicially construed), "An Act providing a remedy for the unlawful levy and collection of public revenue." Said sections expressly direct the legal remedy to municipal taxes. House Bill No. 204, section 31 et seq., relating to improvements made on the installment plan, denominates the special assessment a tax, and provides that the total assessments shall be placed on subsequent tax-rolls and be collected in the same manner as other taxes, but nowhere provides nor intimates that courts shall distinguish as to remedy a special taxpayer's grievance from the grievance of a general taxpayer. No apparent reason exists for such distinction.

*Messrs. McBride & McBride,* and *Mr. James E. Murray,* for Appellant.

Before the city council can adopt a resolution or ordinance creating an improvement district or levy an assessment against any property in any so-called improvement district, they must first take the necessary step under the law to obtain jurisdiction. It is a general and undisputed proposition of law that a municipal corporation possesses, and can exercise, the following powers and no others: 1. Those granted in express words. 2. Those necessary to, or fairly implied in, or incident to the powers expressly granted. 3. Those essential to the declared object or purpose of the corporation not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation and the power is denied. (1 Dillon on Municipal Corporations,

secs. 89, 91.   See, also, *Mulligan* v. *Smith,* 59 Cal. 229; *In re Bonds of Madera Irr. Dist.,* 92 Cal. 296, 27 Am. St. Rep. 106, 28 Pac. 281, 14 L. R. A. 755; *Armstrong* v. *Ogden City,* 168 U. S. 224, 18 Sup. Ct. 102, 42 L. Ed. 444.)

There is a great difference between a tax levied by a county, under a state law, for purposes of public revenue, for the purpose of maintaining the government, and an alleged special assessment, demanded by a municipal corporation for an alleged special improvement.   A "special assessment" is not a tax within the meaning of a constitutional provision exempting property from taxation.   (*City of Butte* v. *School Dist. No. 1,* 29 Mont. 336, 74 Pac. 869; Elliott on Roads and Streets, 2d ed., sec. 549, and cases cited in *City of Butte* v. *School Dist. No. 1,* 29 Mont. 337, 74 Pac. 869; 2 Cooley on Taxation, pp. 1154, 1155.)   A special assessment is certainly not a tax for public revenue in the ordinary sense in which the words "public revenue" are used.   The ordinary and approved use of said words do not include special assessments.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the district court of Silver Bow county by the plaintiff, Lavinia Hensley, against the city of Butte and the city treasurer to restrain them from selling certain real estate belonging to her, for taxes levied for special improvement purposes.   The complaint, among other things, alleges that the plaintiff owned the property in controversy; that on March 1, 1899, the city council of Butte passed, for publication, council resolution No. 231 creating special improvement district No. 3, defining its boundaries and including plaintiff's property therein, stating the purpose for which the district was created, and fixing March 8, 1899, as the time when, and the council-room the place where, interested parties might appear and object to the final adoption of the resolution; that at such last-named time and place this plaintiff and other owners, representing more than one-half of the area of the property to be assessed to defray the cost of such improvement, did appear be-

fore the city council and did object to the final adoption of the resolution and to the making of such improvement; but notwithstanding this objection the city council assumed to pass finally such resolution, and thereby assumed to create such district, and afterward by resolution assumed to levy and assess against plaintiff's property a tax of $465.06, and, the same not having been paid, the city treasurer advertised her property for sale and will, unless restrained by the court, proceed to sell the same. A temporary restraining order and an order to show cause why an injunction *pendente lite* should not issue, were issued and served.

The defendants answered specifically denying that the plaintiff or any of the property owners appeared before the city council and objected to the final adoption of the resolution, or to the creation of the improvement district, admitting some of the allegations of the complaint and denying others. Upon the hearing on the return of the order to show cause the plaintiff offered evidence in support of the allegations of her complaint which were put in issue. An objection was made by the city attorney to the introduction of any evidence by the plaintiff, upon the ground that she has a plain, speedy, and adequate remedy at law, under sections 4024, 4025, and 4026 of the Political Code, and therefore is not entitled to relief in equity. This objection was sustained, the temporary restraining order vacated and an injunction *pendente lite* refused. From the order so made the plaintiff appeals.

There is but one question presented which requires consideration. The objection to the introduction of any evidence confessed, for the purposes of the objection, the truth of the allegations of the complaint which were sufficiently pleaded. The allegation in the complaint is, that the plaintiff and other owners, representing more than one-half the area of all the property which would be assessed to defray the cost of said improvement, did appear before the city council at the time and place mentioned in the notice, and "objected to the making of said improvements." We think this allegation sufficient, and, being so, and the truth of it being admitted for the purposes of

the objection made, it is apparent that the city council had no authority to proceed to finally pass the resolution or to levy or attempt to collect the tax, and that such tax so levied was absolutely void under any circumstances.

The city council assumed to proceed under the provisions of House Bill No. 204, approved March 8, 1897 (Session Laws, 1897, p. 212), section 31 of which, among other things, provides: "If at such meeting, objections are made to the making of such improvement, by owners, or agents representing more than one-half in area of all the property which would be assessed to defray the cost of said improvement, the improvements shall not be made at that time, and at no time during a period of six months thereafter."

Assuming that the same rule of law is applicable to an assessment for special improvements as applies to a general tax, the query is presented: Was the plaintiff's remedy at law exclusive, or could she properly invoke equitable relief by injunction? This identical question was lately before this court in *Montana Ore Purchasing Co.* v. *Maher,* 32 Mont. 480, 81 Pac. 13, and sections 4023, 4024, 4025, and 4026 of the Political Code were construed. This court there said: "A consideration of sections 4023 and 4026 leads us to believe that the phrase 'irregularly levied or demanded' was used by the legislature advisedly, and as prescribing the limits wherein the statutory remedy is exclusive, as distinguished from those cases of illegal taxes the collection of which may be restrained by injunction. In other words, if the action of the assessor or board of equalization was such that the tax complained of is manifestly void under any circumstances, injunction will lie to restrain its collection; but, if the error complained of is only an irregularity on the part of the assessor, the board of equalization, or the treasurer, which may be subject to explanation so as to cure the apparent defect, or, in other words, where the tax complained of is not necessarily void under all circumstances, then the remedy provided by sections 4024 and 4025, namely, payment under protest and an action to recover back is exclusive, except in those unusual cases mentioned in section 4026."

Applying that rule to the facts of this case, and it appearing that the assessment was void, plaintiff properly invoked the aid of equity, and the court erred in excluding   testimony in support of the allegations of her complaint.

The order is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.

