MORSE, APPELLANT, *v.* JACKY ET AL., RESPONDENTS.

· (No. 2,244.)

(Submitted April 4, 1906. Decided April 30, 1906.)

*Free County High Schools—Board of Trustees—Taxation—Injunctions—County Commissioners.*

Free County High Schools—Trustees—Taxation—Injunction.
    1. The complaint in an action by a taxpayer to enjoin the trustees of a free county high school—claimed to have been established contrary to law (Laws 1899, p. 59; Laws 1901, p. 6)—from presenting to the board of county commissioners an estimate of the tax rate required to raise the funds necessary for buildings, teachers and necessary apparatus, alleged that if permitted to certify such rate to the board of commissioners it would levy the same on all taxable property in the county which in effect would constitute a lien on such property, including plaintiff's. *Held,* that a general demurrer was properly sustained in that it did not appear that the plaintiff was suffering or was about to suffer any injury for which he had not an adequate remedy; that the action was prematurely brought, inasmuch as the commissioners had not assumed to levy the tax, and that if they should proceed to act, plaintiff would have a remedy by appeal to the district court.

Same—Board of Trustees—Not Part of Taxing Power.
    2. The board of trustees of a free county high school (Laws 1899, p. 59; Laws 1901, p. 6), required by law to certify to the board of county commissioners an estimate of the tax rate necessary to raise the funds for the establishment thereof, is not by such requirement made a part of the taxing power.

*Appeal from District Court, Granite County; Geo. B. Winston, Judge.*

ACTION by George W. Morse against Valentine Jacky and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Messrs. Rodgers & Rodgers,* for Appellant.

*Mr. D. M. Durfee,* and *Mr. George A. Maywood,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The plaintiff, an elector and taxpayer upon real and personal property in Granite county, brought this action against the defendants to enjoin them from acting as trustees of the free county high school at Philipsburg, Granite county, from entering into any contracts in relation to the same, or from performing any other acts as trustees, and to declare the election by which it is claimed by them that such high school was established, null and void. The election was held under the provisions of sections 2 and 3 of an Act of the legislature approved March 3, 1899 (Laws 1899, p. 59), as amended by an Act approved March 14, 1901 (Laws 1901, p. 6).

The complaint sets forth in detail the history and method of conducting the election, the appointment of the defendants as trustees, and the steps taken by them as a board to establish and conduct the school pursuant to their appointment. Upon the facts stated, it is contended that the election was void and ineffective to establish a free county high school, and hence that the defendants are proceeding without right or authority, in that the legislation contains so many inconsistent and conflicting provisions that its intention cannot be discerned, or, if so, that no adequate means are provided for its execution; in that, if it can be executed, the board of county commissioners failed to give the required notice of the election in the manner provided; in that it failed to give notice of the presentation of petitions for the establishment of the school at Philipsburg, so that the electors of any other town or village in the county might have an opportunity to name their own town or village as a candidate; and in that women were permitted to vote in such numbers as to affect the result of the election. Inci-

dentally, the further contention is made that in any event, since the defendants were appointed by the board of commissioners instead of by the county superintendent of schools, in whom alone is vested the power of appointment, they have no power to act. Finally it is argued that the legislation is open to constitutional objection, because under its provisions the electors cannot give a free and fair expression of their wishes at the ballot-box.

The matter specially alleged as justifying the issuance of an injunction is that the defendants, assuming to be a legal board, are proceeding to enter into a contract with the board of school trustees of District-No. 1 at Philipsburg, to secure certain rooms and buildings for the use of the school at an annual rental of $1,025, to employ a principal at an annual salary of $1,500, to secure furniture and apparatus by the expenditure of considerable sums of money, to employ teachers at annual salaries of $900 each, and having made an estimate of the amount of funds needed for these purposes and for contingent expenses, they are about to present to the board of commissioners of the county an estimate of the tax rate required to raise the necessary amount; and it is averred that if they are permitted to certify this estimated rate to the board of commissioners, said board will levy the same upon all the taxable property in the county, and this levy will be in effect a judgment against the plaintiff and a lien upon all his real estate in the county. The district court sustained a general demurrer to the complaint. Plaintiff having declined to amend, judgment was entered for the defendants. The appeal is from the judgment. The question submitted is whether a case is stated for injunction.

For the purposes of this review it may be conceded that the election was void for any or all reasons alleged, and that the defendants are proceeding without legal authority; nevertheless we do not think the plaintiff shows himself entitled to the relief demanded. The theory upon which he proceeds is that if the board of trustees certifies the rate estimated to be nec-

essary to raise the amount of funds needed for the purposes of the school, the board of commissioners will certainly levy it, and he will be injured by having a lien upon his property. His notion is that the board of trustees constitutes a part of the taxing power, and that to enjoin it from making and certifying its estimate to the board of commissioners will effectively relieve him from the threatened injury. He invokes the rule, recognized and applied by this court in *Hensley* v. *City of Butte*, 33 Mont. 206, 83 Pac. 481, that where a special assessment for municipal purposes is void because the city council has proceeded to levy the same in contravention of the statute and there is no other adequate remedy, the collection of it will be enjoined. The rule has no application to the situation presented in this case.

The board of trustees is no part of the taxing power. Its office under the statute (Act of 1899, p. 61, sec. 7; Act of 1901, p. 8, sec. 6) is only to furnish an estimated rate. The board of commissioners levies the tax, and it may or may not proceed to levy the rate certified to it, according as it may be advised touching the legality of the tax. It is not a party to this action. Any injunction issued in this case will not control or affect its action. If, as plaintiff insists, the defendants are acting without authority of law, their action is simply void. No matter what they do, they do not trespass upon any right of the plaintiff. The liabilities contracted by them are personal, and do not bind the county or the board of county commissioners. If the board assumes to pay them, there is a remedy by appeal to the district court, whereupon the authority of the board of trustees to incur the liabilities can be tested and the legality of its acts determined. It will be time enough for the plaintiff to complain when the board of commissioners assumes to make the levy and the treasurer undertakes to force collection of the tax so levied, or when the liabilities contracted by them are recognized as a charge against the county. In our opinion this action is premature, in that it does not appear

that the plaintiff is suffering or is about to suffer, any injury for which he has not adequate remedy.

Counsel cite, also, *Foster* v. *Coleman & Alexander,* 10 Cal. 279, *Andrews* v. *Pratt,* 44 Cal. 309, *Schumacker* v. *Toberman,* 56 Cal. 508, and *Doan* v. *Board of Co. Commrs. of Logan County,* 3 Idaho, 38, 26 Pac. 167. An examination of these cases shows that the principle applied in them has no application to the facts of this case. In each of them it was sought to annul or enjoin the action of the local municipal board, where it was undertaking to proceed without authority or in violation of law, the result of its action being a distinct trespass upon the rights of plaintiffs. As we have said, it does not appear that the plaintiff here is, or will be, directly affected by any action taken by the alleged board of trustees of the school. The demurrer was properly sustained.

The judgment is affirmed, with costs.

*Affirmed.*

Mr. Justice Milburn and Mr. Justice Holloway concur.