**FIRST NAT. BANK OF WHITE SULPHUR SPRINGS, RESPONDENTS, *v.* BERGAN, SHERIFF ET AL., APPELLANTS.**

No. 8648

Submitted April 11, 1946. Decided May 20, 1946.

169 Pac. (2d) 233

Mr. Everett E. Lofgren, and Mr. Victor H. Fall, both of Helena, and Mr. James H. Higgins, of White Sulphur Springs for appellant.

Mr. George Niewoehner, of White Sulphur Springs, for respondent.

MR. JUSTICE CHEADLE delivered the opinion of the Court.

Appeal by defendants from a judgment and decree permanently enjoining them from collecting or enforcing the collection of any and all taxes or contributions to the unemployment compensation trust fund of the state of Montana, from the plaintiff bank, for the years 1941 and 1942.

The petition substantially alleges that the plaintiff bank is a corporation existing under the laws of the United States, and subject to taxation as such, but only in the manner permitted by the Congress; that on December 23, 1944, the defendant Bergan, at the instance of the defendant unemployment compensation commission of Montana, served upon plaintiff a certificate to the effect that plaintiff owes contributions to the un-

employment compensation trust fund, more than sixty days past due, for the years 1941 and 1942, in the amount of $470.12, including interest; that said certificate commands and directs Bergan to levy upon and sell real and personal property of plaintiff within Meagher county, sufficient to pay the amount claimed due, and to pay the proceeds to the Commission, and to proceed under said certificate in the same manner and with like effect as prescribed by law with respect to the levy of executions upon judgments of a court of record. It is alleged that such portion of the tax as was assessed for the period December 31, 1940, and March 17, 1941, is unlawful, for the reason that the amendment to the unemployment compensation law, permitting assessment of national banks, section 19, subdivision (j) (6) (G) of Chapter 164, page 336, Session Laws of 1941, was not approved and did not become law until March 17, 1941; that the tax is unlawful because of the provisions of sections 1606 and 1607 of the Federal Internal Revenue Code, 26 U. S. C. A. Int. Rev. Code, secs. 1606, 1607, making the levy and collection thereof from plaintiff unlawful, for the reason of plaintiff's exemption from the tax imposed by section 1600 of said Code, which was not and is not permitted by section 5219, U. S. R. S., 12 U. S. C. A. sec. 548, or by any other Act of Congress; that the threatened levy is unlawful as contravening the provision of section 5242, U. S. R. S., 12 U. S. C. A. sec. 91, that no execution shall be issued against plaintiff or its property before final judgment in any suit, action or proceeding in any state, county or municipal court, and is not based upon a final judgment; that the levy is unlawful for the reason that it is based upon a summary judgment as provided by section 8, Chapter 164, Session Laws of 1941, without there first having been an assessment as required by section 3, Chapter 233, Session Laws of 1943. It further alleges that the levy, unless prevented, will result in the taking of plaintiff's property without due process of law, prohibited by the Fifth and Fourteenth Amendments of the Constitution of the United States, and by Article III, section 27, of the Constitution of Montana; that the

proposed collection is unlawful because section 1606, par. (b), permits such premium or assessment only if the state law provides for refund of contributions for any year in which the state is not certified by the social security board, under section 1603 of the Internal Revenue Code, 26 U. S. C. A. Int. Rev. Code, sec. 1603, with respect to such year, whereas the Montana law did not so provide in the years 1941 and 1942; that plaintiff is without any plain, speedy or adequate remedy in the premises. The prayer of the complaint asks that the defendants be enjoined from collecting the tax by levy upon plaintiff's property, or otherwise. The certificate referred to appears as an exhibit to the petition.

The record contains no pleading on behalf of the defendants, but the court minutes show a stipulation as to certain facts alleged in the petition. Aside from the formal parts of the petition, and the allegations respecting the contents and service of the certificate, it was stipulated that on August 10, 1939, Congress amended the Internal Revenue Code, Title 26 U. S. C. A. Int. Rev. Codes, Chapter 9, subchapter C, section 1606; that during the calendar years 1941 and 1942 the plaintiff paid to its employees the amount of wages set forth in the exhibit, it being agreed that the exhibit should be considered as evidence.

The matter was argued orally and by briefs. The findings of fact essentially follow the factual allegations of the petition. No. 4 finds as to the amount of wages paid its employees by plaintiff during 1941 and 1942. No. 5 follows the allegations of the petition as to the issuance and contents of the certificate. No. 6 relates to service of the certificate upon plaintiff, and the latter's refusal of payment of the amount demanded. No. 9 reflects the stipulation as to amendment of the Internal Revenue Code, Title 26 U. S. C. A. Int. Rev. Code, Chapter 9, subchapter C, section 1606. The court adopted conclusions of law as follows:

1. That the Commission is not prohibited from levying the tax or contribution in question by reason of section 5219, U. S. R. S., 12 U. S. C. A. sec. 548.

2. That the threatened levy is not unlawful by reason of section 5242, U. S. R. S., 12 U. S. C. A. sec. 91.

3. That the Commission "was wholly without right, warrant or authority of law to tax or levy contributions against the plaintiff * * * for the years 1941 and 1942 under 26 U. S. C. A. Int. Rev. Code, sec. 1606, subdivision (b), or otherwise, for the reason that the laws of the State of Montana, during said years, made no provision for the refund of contributions as required by said 26 U. S. C. A. Int. Rev. Code, sec. 1606, subdivision (b) (2)."

4. That the levy of the tax by the Commission against plaintiff, as contributions due the fund for 1941 and 1942 was, and is, illegal and unlawful.

Decree was accordingly entered, ordering that defendants be perpetually enjoined from collecting or in any way enforcing the collection of any and all taxes or contributions for the two years in question. A writ of injunction issued, and this appeal followed.

The first specification assigns error in making and entering decree in plaintiff's favor for the reason that the petition fails to state facts constituting a cause of action, because: (A) Section 2268, Revised Codes, prohibits the maintaining of a suit to restrain the collection of a tax. (B) That no facts are set forth entitling the petitioner to the relief prayed for in a court of equity, or to any injunctive relief pendente lite. (C) That petitioner had, and has, a plain, adequate and complete remedy at law.

The second specification assigns error in finding of fact No. 8, as not being supported by the agreed facts or the law. Specification three assigns error in conclusions of law numbers 3, 4 and 5, as being in direct conflict with applicable law.

We shall first consider whether this action is prohibited by section 2268, Revised Codes. That section provides:

"No injunction must be granted by any court or judge to restrain the collection of any tax or any part thereof, nor to

restrain the sale of any property for the non-payment of taxes, except:

"1. Where the tax, or the part thereof sought to be enjoined, is illegal, or is not authorized by law. If the payment of a part of a tax is sought to be enjoined, the other part must be paid before an action can be commenced.

"2. Where the property is exempt from taxation."

Appellant contends, in effect, that under the provisions of ▮ section 2269, Revised Codes, the respondent might have paid the tax or contribution under protest and sued for its recovery, and, therefore, that it had a plain, speedy and adequate remedy at law. Authorities are cited in support of this contention, to the effect that illegality of a tax alone will not justify equitable relief to restrain its collection. We think, however, that this question is foreclosed by the provisions of section 2268, and decisions of this court thereunder. In First Nat'l Bank v. Sanders County, 85 Mont. 450, 279 Pac. 247, 251, it is said:

"In Montana Ore Purchasing Co. v. Maher, 32 Mont. 480, 81 Pac. 13, the court had under consideration sections 4023 [now section 2268] to 4026 [now section 2272], inclusive. That was a case in which plaintiff sought an injunction to prevent a sale of its property for taxes. Commenting upon the Custer County case, 28 Mont. 278, 72 Pac. 659, Mr. Justice Holloway, for the court, observed that in discussing the remedy in that case, we might better have said the plaintiff pursued a proper, rather than the proper remedy, being of the opinion that under the facts in the Custer County case either remedy was available to plaintiff. We think the observation good. As was said by Mr. Chief Justice Brantly in Barnard Realty Co. v. City of Butte, 50 Mont. 159, 145 Pac. 946, 'The assessment being wholly illegal, because without authority, its validity may be questioned by any available method." In other words, the plaintiff might have challenged its validity by injunction or have paid the tax under protest and thereupon have brought suit to recover it. In the Maher case, the court approved what had been said in

Cobban v. Hinds, supra [23 Mont. 338, 59 Pac. 1] respecting the operation of sections 4023 and 4026, inclusive, and during its discussion said: 'A consideration of sections 4023 and 4026 leads us to believe that the phrase "irregularly levied or demanded" was used by the Legislature advisedly, and as prescribing the limits wherein the statutory remedy is exclusive, as distinguished from those cases of illegal taxes the collection of which may be restrained by injunction. In other words, if the action of the assessor or board of equalization was such that the tax complained of is manifestly void under any circumstances, injunction will lie to restrain its collection; but, if the error complained of is only an irregularity on the part of the assessor, the board of equalization, or the treasurer, which may be subject to explanation so as to cure the apparent defect, or, in other words, where the tax complained of is not necessarily void under all circumstances, then the remedy provided by sections 4024 and 4025, namely, payment under protest and an action to recover back is exclusive, except in those unusual cases mentioned in section 4026.' This language was quoted with approval in Hensley v. City of Butte, 33 Mont. 206, 83 Pac. 481, and Barnard Realty Co. v. City of Butte, supra. And see Reilly v. Hatheway, 46 Mont. 1, 125 Pac. 417; Northern Pacific Ry. Co. v. Musselshell County, 54 Mont. 96, 169 Pac. 53.

"These cases demonstrate conclusively that the remedies provided by sections 4023, now 2268, 4024 and 4026, now 2269 and 2272, have been deemed by this court to provide exclusive remedies as to all cases falling within their purview. When a tax is wholly illegal, or the legal and illegal portions thereof appear to be inseparable (Northern Pacific Ry. Co. v. Musselshell County, supra), either remedy is available. * * *''

It is well settled that a state, and the taxing units thereof, ██ ██ are without power to tax property of the federal government or the means, instrumentalities and agencies thereof, in the absence of a right to do so expressly conferred by Congress. 51 Am. Jur., sec. 218, p. 279. Since national banks are instrumentalities of the government, they are not subject

8.

to taxation, by or under state authority, otherwise than in conformity with the terms and restrictions embodied in the assent given by Congress to such taxation. See 51 Am. Jur., sec. 254, p. 309, where it is said: "A state * * * cannot, directly or indirectly tax a national bank * * * unless Congress authorizes it or gives its consent to the state taxation thereof, and then only in accordance with that consent subject to any restrictions contained therein or attached thereto." See cases cited in notes 6 and 7, page 310. See also 61 C. J., sec. 272, p. 281, and cases cited.

Since both parties concede that the amount sought to be collected is a tax, it remains to be determined whether it is "illegal, or is not authorized by law," and thus whether defendants may be restrained from collecting it or selling plaintiff's property for its non-payment, under section 2268.

The original Social Security Act, 42 U. S. C. A. sec. 301, et seq., enacted by Congress August 14, 1935, and the original Montana Unemployment Compensation Act, Chapter 137, Laws of 1937, provided that no contributions should be levied for, "service performed in the employ of any other state or its political subdivisions, or of the United States government, or of an instrumentality of any other state or states or their political subdivisions or of the United States." In 1939, Congress amended the Internal Revenue Act, section 1606, to permit state legislatures to require certain instrumentalities of the United States, and the individuals in their employ, to make contributions to unemployment funds under state unemployment compensation laws approved by the social security board. This law, as amended, specifically provides that such permission shall apply, "(b) * * * (2) only if such State law makes provision for the refund of any contributions required under such law from an instrumentality of the United States or its employees for any year in the event said State is not certified by the Board under section 1603 with respect to such year * * *." This amendment became effective January 1, 1940.

By Chapter 164, Laws of 1941, Chapter 137, Laws of 1937,

above quoted, was amended by addition of the following: "* * * except that national banks organized under the national banking law shall not be entitled to exemption under this Section and shall be subject to this act the same as state banks." This enactment took effect as of March 17, 1941.

For the year 1941, and thereafter, all national banks in Montana, except respondent, made reports to the Commission and paid contributions. The 1943 legislature, by Chapter 233, amended section 14(d) of the Unemployment Compensation Act, by adding the following: "In the event that this act is not certified by the social security board under Section 1603 of the internal revenue code as amended 1939, for any year, then and in that event, refunds shall be made of all contributions required under this act from employers for that year." Respondent bases its refusal to make contributions for 1941 and 1942 on the ground that the Commission was without authority to exact contributions for those years because the amendment last quoted did not become operative until 1943; that the state law did not provide for the refunds contemplated by the 1939 amendment to section 1606, Internal Revenue Act, and consequently that the permission granted to the state by that amendment was not applicable to Montana prior to 1943. Appellant argues that, regardless of the absence of such provision in the state law in 1941 and 1942, the social security board actually certified the state of Montana, under section 1603, Internal Revenue Code, 26 U. S. C. A. Int. Rev. Code, sec. 1603, for the two years in question; that because of such certification prior to the commencement of this action, the question as to the Commission's authority to collect contributions from respondent became moot.

The court's conclusion that the Commission was without authority to tax or levy contributions against respondent for 1941 and 1942, is based upon the reason "that the laws of the state of Montana, during said years, made no provision for the refund of contributions as required by said 26 U. S. C. A. Int. Rev. Code, sec. 1606, subdivision (b) (2)." We think

this conclusion of the trial court must be upheld, and that the fact of the certification by the social security board for 1941 and 1942 is immaterial. By the terms of the 1939 amendment to section 1606, the permission to tax governmental instrumentalities is expressly conditioned upon the existence of a state law providing for refunds in the eventuality mentioned. It would seem to follow that in the absence of such a state law, such permission is, by necessary implication, withheld. If this be true, then, of course, the Commission was wholly without authority to tax or levy contributions against respondent for the years prior to that in which such law was enacted The Commission's authority under the law must be measured, not by what actually was done by the social security board, but by what might have been done. The precise reason for certification of the state unemployment compensation law, and the effect thereof, is not made clear, except that the certificate's preamble indicates that the Montana unemployment compensation law has been approved. Even though it be assumed that issuance of the certificate contemplated approval in toto of the state law, including the provision for exacting contributions from national banks, we take the view that it could not have that effect, because of the contrary provision of section 1606, as amended in 1939.

From what we have said, it follows that the tax or contribution attempted to be collected is illegal, as not being authorized by law. Since the Commission was not authorized to collect, or to enforce its collection, it is not necessary for us to determine whether the method of attempted collection is or is not prohibited by law.

Respondent again raises in its brief the denial by this court of motion to strike a portion of the transcript herein. That matter was fuly considered when the motion was presented, and will not, of course, be considered now.

For the reasons given, the judgment is affirmed.

Mr. Chief Justice Lindquist, and Associate Justices Morris, Adair, and Angstman, concur.