HALE, APPELLANT, *v.* COUNTY OF JEFFERSON ET AL., RESPONDENTS.

(No. 2,609.)

(Submitted May 7, 1909.    Decided May 22, 1909.)

[101 Pac. 973.]

*Taxation—Ditches Appurtenant to Placer Claims—Exemption—Burden of Proof—Estoppel.*

Appeal—Dismissal—Record.
1.    An appeal from an order denying a new trial will be dismissed where a copy of the order denying the motion is not incorporated in the transcript.

Taxation—Ditches Appurtenant to Placer Claims—When Exempt.
2.    *Held,* that a ditch, appurtenant to placer claims, which had always been used to convey water for mining such claims, and for no other purpose, and which, independently of such use, had never been the source of revenue to its owner, although the water could be sold for irrigation and other purposes and would be valuable in this connection, had no value independent of its use in connection with the placer lands so as to render it subject to taxation under section 2500, Revised Codes.

Same—Exemption—Burden of Proof.
3.    One claiming an exemption from taxation has the burden of showing that he is entitled to it; but in an action to enjoin the collection of taxes upon a ditch used solely in connection with placer mining operations and therefore not subject to taxation, the burden rests upon the state to show that the ditch has a value independent of the placer mining claim, so as to render it liable to taxation as provided in section 2500, Revised Codes.

Same—Exemption—Estoppel.
4.    Though the owner of the ditch referred to in the paragraphs above, had for many years submitted to the payment of taxes thereon upon a valuation fixed by himself (because demanded by the assessor), he was not estopped to question the right of the state to continue to make the unauthorized imposition.

*Appeal from District Court, Jefferson County; Lew L. Calla-way, Judge.*

INJUNCTION by Robert S. Hale against the county of Jefferson and others. From a judgment for defendants, and an order denying motion for new trial, plaintiff appeals. Reversed and remanded.

*Mr. Massena Bullard,* and *Mr. Wm. Wallace, Jr.,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought on May 3, 1906, to obtain an injunction to restrain the defendant county of Jefferson, its commissioners, and treasurer from including in the assessment-roll of taxable property for that year a certain ditch owned by plaintiff, and from levying and collecting taxes thereon. The issues made by the pleadings present the one question, to-wit, whether this property is subject to taxation under the provisions of the Constitution declaring what property is taxable, and the statute enacted in pursuance thereof, as having a value independent of placer lands to which it is appurtenant. The cause was tried by the court upon an .agreed statement of facts, which, omitting the formal parts, stipulating the capacity of defendants, is the following:

"That during all the times mentioned in the complaint herein the plaintiff was and is the owner by purchase from the United States of certain placer mining claims in Lewis and Clark county, Mont., aggregating about five hundred (500) acres, no part of the surface ground of which claims or any part thereof is used for other than mining purposes, or has a separate or independent value for [other] than mining purposes, ·and

that, upon all of said placer mining claims, the plaintiff has for many years paid and continues to pay all taxes levied or assessed against said mining claims and each thereof as provided by law.

"(4) That plaintiff is, and for many years last past has been, the owner of a certain mining ditch known as the Park ditch, which ditch is used to convey certain waters to said mining claims for use in working, operating and developing said mining claims, and that said ditch is property and surface improvements appurtenant to said mining claims.

"(5) That a portion of said ditch is situate in Jefferson county, Mont.; said portion being about fourteen miles in length.

"(6) That plaintiff has never made·any use of the said Park ditch, or of the waters conveyed thereby, other than for mining purposes upon his said mining claims, and does not receive and never has received any revenue or money from said ditch, or the waters conveyed thereby, save and except as the result of his use of said ditch and water upon said mining claims. That plaintiff has never sold or conveyed any part of said ditch, or the waters conveyed thereby, and makes no use whatever of said ditch or waters conveyed thereby separate or independent of said mining claims.

"(7) That the defendants have during many years last past against the protest of the plaintiff caused said ditch to be assessed for purposes of taxation, and required plaintiff to pay taxes thereon each year under threats by said defendants to sell said ditch at tax sale if the taxes assessed and levied against said ditch should not be paid. That, at the time of the commencement of this action, the county assessor of Jefferson county had assessed that portion of said ditch situate in Jefferson county for the purpose of taxation for the year 1906, and it was the intention of the said county commissioners to'levy taxes against said ditch for said year 1906, and it was the intention of said county treasurer, if the taxes as assessed and levied against said ditch had not been paid, to advertise said ditch for sale for delinquent taxes, and to sell or attempt to sell said ditch at tax sale for the taxes so assessed and levied, and that, unless so re-

strained and enjoined, the said defendants will assess said property for the purposes of taxation and levy taxes thereon for the years 1906 and 1907, and said county treasurer will, if the taxes so assessed and levied against said ditch shall not be paid, advertise said ditch for sale for delinquent taxes, and will sell or attempt to sell the said ditch at tax sale for the years 1906 and 1907.

"(8) That plaintiff has for many years last past listed said property for taxation, and for said purposes has valued the same as high as eight thousand dollars ($8,000). That said property was not listed for taxation by said plaintiff voluntarily, but that it was so listed because the plaintiff was demanded to list the same by the assessor of Jefferson county, and that the taxes paid thereon were paid by plaintiff under protest. That plaintiff was not fully advised as to his legal rights and listed said property for taxation because so demanded, and because it seemed to him for the time being to be better to list the same than to be put to the expense, delay, and vexation of litigation for the purpose of securing an adjudication of his legal rights. That in listing said property for assessment and placing a value thereon the plaintiff never at any time made any statement [that] the property had a value separate and independent of his mining claims.

"(9) It is further stipulated and agreed that the said Park ditch and water right could be made available for, and might be sold for and used for, irrigation [irrigating?] farms, and for various other purposes if the plaintiff so desired, and that said ditch and water right would be valuable for such purposes if devoted thereto.

"Each party reserves the right to object to the admissibility, relevancy, and competency as evidence of any of the facts hereinabove stipulated; this stipulation being for the purpose of conceding that the facts as herein recited are facts and to be so considered if proof thereof would be admitted under objections if offered on the trial."

Upon these facts, the district court concluded that the property had an independent value, and was therefore taxable upon

such value.   Accordingly it denied the relief sought, and entered judgment for defendants for their costs.   Plaintiff has appealed from the judgment and an order denying his motion for a new trial.

1. Upon examination of the transcript of the record we do not find incorporated in it a copy of the order denying the motion for a new trial.   The appeal from the order is accordingly dismissed.

2. Nevertheless, the question whether the court drew the correct legal conclusion from the agreed statement, which constitutes its finding of facts (Revised Codes, sec. 6769), is properly before us for determination upon the judgment-roll (Revised Codes, secs. 6799, 6806).   Apart from certain exemptions specifically mentioned, all property in the state is subject to taxation.   (Constitution, secs. 1, 3, Art. XII.)   Touching mines and mining claims, the Constitution declares: ''All mines and mining claims, both placer and rock in place, containing or bearing gold, silver, copper, lead, coal or other valuable mineral deposits, after purchase thereof from the United States, shall be taxed at the price paid the United States therefor, unless the surface ground, or some part thereof, of such mine or claim, is used for other than mining purposes, and has a separate and independent value for such other purposes, in which case said surface ground, or any part thereof, so used for other than mining purposes, shall be taxed at its value for such other purposes, as provided by law; and all machinery used in mining, and all property and surface improvements upon or appurtenant to mines and mining claims which have a value separate and independent of such mines or mining claims, and the annual net proceeds of all mines and mining claims shall be taxed as provided by law.''   (Section 3, Article XII.)   Section 2500, Revised Codes, relating to the taxation of mines, after declaring that mines and mining claims shall be taxed as prescribed in the Constitution, provides: ''All property and surface improvements upon or appurtenant to mines and mining claims which have a value separate and independent of such mines or mining claims   *   *   *   shall be taxed as other personal property.''

Under the stipulated facts, the ditch in controversy is appurtenant to the placer lands belonging to the plaintiff. It has always been used to convey water for the purpose of mining them. It has never been used for any other purpose, nor has it ever been, independently of them, a source of revenue to plaintiff. Together with the water conveyed by it, it could be sold and used for irrigating farm lands and for other purposes, and it would be valuable for these purposes. Do these facts show that it has a value independent of its use in connection with the mining claims within the meaning of the provisions of law *supra?* Viewed as independent property rights, ditches and the right to use the water conveyed by them are property subject to taxation; but, when made appurtenant to lands, they have no independent use. So situated and used, the value of this species of property enters as an element into the value of the *corpus* or principal estate to which it is attached or appurtenant, and bears its proportionate burden of taxation by the added taxable value which it gives to the principal estate. If it had an independent use yielding independent profit, it should be taxed according to its value for that purpose, and the value for that purpose would be determined by the amount of profit. "The rule of property taxation is that the value of the property is the basis of taxation. It does not mean a tax upon the earnings which the property makes, nor for the privilege of using the property; but rests solely upon the value. But the value of property results from the use to which it is put, and varies with the profitableness of that use, present and prospective, actual and anticipated. There is no pecuniary value outside of that which results from such use." (*Cleveland etc. Ry. Co.* v. *Backus,* 154 U. S. 439, 14 Sup. Ct. 1122, 38 L. Ed. 1041.) To illustrate: A ditch and water right, attached to agricultural lands, add a large element of value to them, by contributing to their productiveness, which, in turn, determines their actual value. They are taxed when the lands are taxed upon their value thus increased. They may not be taxed as having an additional independent value because they could be used to furnish water to

supply the inhabitants of a city, and thus be made to yield a large profit.   So the land occupied by the ditch in controversy here is not owned by the plaintiff.   The plaintiff's interest is a mere right of way, an easement in the land over which the ditch passes, which is attached to the plaintiff's mining lands. These lands, being assessed at a value fixed by the Constitution, and therefore not capable of being enhanced in value by the use of the ditch bringing water upon them, are nevertheless rendered productive by such use, and thus yield an additional value which is subject to taxation, to-wit, the annual net proceeds. Without the ditch and water, the lands are arbitrarily taxed at the government purchase price.   With them put to profitable use the lands become a source of revenue to the owner, and at the same time make an additional contribution to the revenues of the state.   The parallel is not exact, but sufficiently exact to demonstrate what was designed by the constitutional convention when it adopted the provision *supra,* which was to encourage the acquisition and profitable development of mines by requiring the owners to pay taxes upon the annual net proceeds or profits only, in addition to the cost of acquisition, the water rights and ditches used in connection with them being not otherwise taxable, unless they can be shown to have an independent value by reason of profitable use for some other purpose.

One claiming an exemption must sustain the burden of showing that he is entitled to it.   In such a case as this, however, the burden is upon the state to show that the independent value exists, and that it is entitled to impose the tax.   The facts stated are not sufficient to warrant the conclusion reached by the district court; for, though the plaintiff has heretofore submitted to the payment of taxes upon a valuation fixed by himself upon the ditch, he is not estopped to question the right of the state to continue to make the unauthorized imposition.

The judgment is reversed, and the cause is remanded to the district court, with directions to grant the injunction.

*Reversed and remanded.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.