THWING, APPELLANT, *v.* WEISER ET AL., RESPONDENTS.

(No. 5,103.)

(Submitted October 18, 1922. Decided November 13, 1922.)

[210 Pac. 750.]

*Pleading and Practice — Causes of Action — Motion to Separately State and Number—Taxation—Statutory Remedies.*

Pleading and Practice—Causes of Action—Motion to Separately State and Number—Rule.
1. Section 9130, Revised Codes of 1921, requiring plaintiff to separately state and number his causes of action in his complaint, and a motion to so separately state and number, refer not to imperfect statements of causes of action, but to causes of action that are proof against a demurrer for substance.

Taxation—Statutory Remedies—When Available.
2. Where taxes upon lands were valid but are complained of as excessive, the question of their excessiveness must primarily have been presented to the county board of equalization, under section 2115, Revised Codes of 1921, before resort may be had to the statutory remedies.

Pleading and Practice—Causes of Action—Separately Stating and Numbering—When Motion Does not Lie.
3. The complaint in an action to set aside a tax certificate for delinquent taxes for 1917, in which, among other things, it was alleged that taxes upon the lands in question for 1918 to 1920 were void

[65 Mont. 28.]

because excessive, *held* not to have stated several causes of action, in that that portion of it relating to excessive taxation was insufficient to state a cause of action in the absence of an allegation that the precedent preliminary steps had been taken entitling plaintiff to maintain action for their cancellation, and that therefore the court erred in requiring plaintiff to separately state and number his causes of action.

*Appeal from District Court, Custer County; S. D. McKinnon, Judge.*

ACTION by J. E. Thwing against C. J. Weiser and another. From a judgment dismissing the action, plaintiff appeals. Reversed.

*Mr. Albert Anderson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. R. B. Hayes* and *Mr. W. C. Packer,* for Respondents, submitted a brief; *Mr. Packer* argued the cause orally.

MR. COMMISSIONER BORTON prepared the opinion for the court.

This is an appeal from a judgment dismissing the action for failure of the plaintiff to comply with the order of the court, directing him to separately state and number his causes of action.

Plaintiff (appellant here) alleges, in substance, that he is the owner and holder of certain notes and of certain real estate mortgages upon lands in Custer county, Montana; that the notes have not been paid, and that the mortgages are in full force and effect; that in 1917 the land covered by the said mortgages was regularly assessed, but that the clerk and recorder computed the taxes, not upon the parcels of land assessed, but upon the real estate in gross; that likewise the county treasurer, when the taxes became delinquent, both advertised and sold the said land, not by parcels, but in gross; that the defendant Weiser herein purchased the said land at said sale, and there was issued to the said defendant Weiser a tax certificate; that the said lands were assessed in

1918, 1919 and 1920, but that the assessor arbitrarily, reck-lessly, unlawfully and fraudulently fixed a value upon the said lands many times their actual cash value, and that this was done by the assessor for the purpose of increasing the as-sessed valuation of the county, so that, as a result of such increased valuation, the salaries of the county officers would be increased; that the defendant Weiser, the holder of the tax certificate for the delinquent taxes in 1917, paid the taxes assessed during these years, to-wit, 1918, 1919, 1920; that the plaintiff, on January 27, 1921, tendered and offered to pay the county treasurer for the use of the defendant Weiser the amount of the 1917 tax plus all lawful charges, but with that tender he did not likewise offer to pay the taxes paid by defendant Weiser on the said land for the years 1918, 1919 and 1920; that thereupon the county treasurer refused the tender.

Plaintiff further alleges that he is ready and willing to pay the 1917 taxes. He avers, further, that the certificate of sale issued to the defendant Weiser constitutes a cloud upon his right, title, and interest in the said lands. His prayer is that the sale of the said lands for delinquent taxes for the year 1917 be declared void; that the certificate issued be likewise declared void; that the taxes levied for 1918, 1919 and 1920 be declared void; that the defendant Weiser be re-strained from applying for a tax deed upon the said certifi-cate, and that the treasurer be restrained from issuing such a deed; for his costs; and he concludes with a general prayer.

The basic question to be answered is: Did the court err in [1] requiring the plaintiff to separately state and number his causes of action? A motion to separately number and state causes of action in the same pleading necessarily presupposes two or more causes of action. Section 9130, Revised Codes of 1921, provides that: "The causes of action so united must all appear on the face of the complaint to belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be

separately stated and numbered." It is likewise plain that a complete statement of a cause of action is necessary to constitute a cause of action; anything less is a nullity as far as pleading a cause of action is concerned. We are of the opinion that both the statute and the motion itself refer, not to imperfect statements of causes of action, but to the statement of causes of action that are proof against a demurrer for substance. So we must search the complaint, ascertaining whether there are two or more causes of action stated.

The appellant contends that but one cause of action is [2, 3] stated; that the primary right that was trespassed was the duty of the county treasurer to receive his tendered offer of the 1917 delinquent tax, without insisting upon the payment of the 1918, 1919 and 1920 taxes, for, contends appellant, the treasurer had no right to make a condition for the reason that the 1918, 1919 and 1920 taxes are void. They are pleaded only to show why he need make no tender of them, although the statute provides that upon redemption of a tax sale of real estate the subsequent taxes must be paid. (Sec. 2210, Rev. Codes 1921.) The respondent insists that whether or not the taxes for 1918, 1919 and 1920 are void would demand that the illegality for each year be set out, and so would constitute separate causes of action.

An examination of the complaint discloses, granting that its averments are true, that the valuation of the said land for the years 1918, 1919 and 1920 was excessive. Whether it was excessive was a question that should have been presented primarily to the county board of equalization. (Sec. 2115, Rev. Codes 1921.) The action of the board being unfavorable, resort must then be had to the statutory remedies. The tax was not void; it could only be attacked for the reason that it was excessive. We are not unmindful of the rule announced by this court that it is not necessary, in the case of a tax that is void, to appear before the board of equalization (*Barnard Realty Co.* v. *City of Butte,* 50 Mont. 159, 145 Pac. 946),

but this is not such a case. Since a series of steps is necessary to be taken before an action could be maintained to cancel, or correct, the 1918, 1919 and 1920 taxes, and since none of them has been taken, it follows that there is no cause of action stated relative to the taxes of 1918, 1919 and 1920.

Neither appellant nor respondent have directed the court's attention to any other facts in the pleadings as setting forth causes of action, but have predicated their appeal upon the contentions disposed of above.

Whether or not the complaint states any cause of action is not presented by this appeal, and in our consideration of the case that question is not discussed, nor do we decide that point. That is a matter primarily for the trial court upon proper proceedings. Since, then, there are not two or more causes of action mingled in the pleading, the motion to separately state and number should have been overruled.

Respondent in this cause challenges the certificate of the clerk. It is sufficient to say in that regard that the certificate authenticates all of the papers used in the lower court upon the proceeding, and contained in the judgment-roll.

Appellant has petitioned this court with its appeal for a restraining order, restraining the county treasurer from issuing a tax deed in this case. He has not pressed this matter in this court; and, it being apparent that no restraining order could be issued under the holding of the court on the main question involved, the petition for restraining order is denied.

Since the appellant in the court below elected to stand upon the ruling of the court on the motion, and suffered a judgment of dismissal to be entered, and since the court erred in sustaining the motion, the judgment must be reversed.

We recommend that the court be directed to vacate the judgment and to overrule the motion to separately number and state.

PER CURIAM: For the reasons given in the foregoing opinion, the district court is directed to vacate the judgment and to overrule the motion to separately number and state.

*Reversed.*

---

THWING ET AL., APPELLANTS, *v.* WEISER ET AL., RESPONDENTS.

(No. 5,104.)

(Submitted October 18, 1922. Decided November 13, 1922.)

[210 Pac. 752.]

(For syllabus, see *Thwing* v. *Weiser, ante,* p. 28.)

*Appeal from District Court, Custer County; S. D. McKinnon, Judge.*

ACTION by J. E. Thwing and others against C. J. Weiser and another. From a judgment dismissing the action, plaintiffs appeal. Reversed.

