## CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO., Appellant, v. POWELL COUNTY, Respondent.

(No. 5,944.)

(Submitted June 9, 1926. Decided July 3, 1926.)

[247 Pac. 1096.]

*Taxation — Classification of Personal Property — "Implements and Machinery."*

Taxation—Classification of Property—Rule.

1. Under the rule that in determining the class into which property falls within the Classification Act (secs. 1999, 2000, Rev. Codes 1921) the use to which the property is devoted and its productivity is the criterion, the use to which machinery, though usable for manufacturing purposes, is actually put is the controlling factor.

Same—"Implements and Machinery"—Encompass, What.

2. *Held*, under the above rule, that machinery and electric appliances located in a substation and used by a railway company in the transformation of electric current employed in the propulsion of its trains, an engine, pumps and pipes used for the pumping of water for use in the substation, shop machinery and movable shop tools used for repairing equipment, properly fall within class 2 of sections 1999 and 2000, Revised Codes of 1921, and within the designation "implements and machinery" and are therefore assessable at twenty per cent of their true value, and not within class 4, "manufacturing and mining machinery" assessable at thirty per cent of their value.

[1, 2]    Taxation, 37 Cyc., p. 1038, n. 21 New; p. 1185, n. 87.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

Action by the Chicago, Milwaukee & St. Paul Railway Company against Powell County. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with directions to enter judgment for plaintiff.

*Messrs. Murphy & Whitlock,* and *Mr. S. P. Wilson,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. W. E. Keeley,* and *Mr. E. M. Keeley,* County Attorney of Powell County, for

Respondent, submitted a brief; *Mr. E. M. Keeley* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff to recover taxes which were paid under protest for the year 1924. The property assessed, and upon which the tax was paid, was of four separate kinds, *viz.*: (1) Certain machinery and electrical appliances located in plaintiff's substation, required and used therein in the transformation of electrical current, used in the operation of the plaintiff's trains by electricity; (2) a certain engine with pumps and pipes for the pumping of water for the personal use of the plaintiff's employees at and within the substation; (3) certain shop machinery used for testing and repairing electrical equipment; and (4) comprising certain shop tools located in the plaintiff's repair-shops at Deer Lodge, used generally for the repair and testing of electrical apparatus. All of such property was classified for the purpose of taxation by the proper officers of Deer Lodge county in class 4 under the Property Classification Act (section 1999, R. C. 1921). It is the plaintiff's contention that all of such property should have been classified in class 2, and a tax of twenty per cent of its true and full value imposed instead of thirty per cent, as provided for property in class 4.

The only question presented in the case is the determination of the proper classification of the various kinds of property involved.

Upon issue joined, the cause was regularly tried to the court without a jury. The court concluded that all such property was properly classified in class 4, and judgment was entered accordingly, dismissing the plaintiff's complaint and awarding the defendant its costs. The appeal is from the judgment.

So far as applicable, our statutes provide: "For the purpose of taxation the taxable property in this state shall be classified as follows:  *  *  *  Class Two. All household goods and furniture, including clocks, musical instruments, sewing machines, wearing apparel of members of the family, and all personal property actually used by the owner for personal and domestic purposes, or for the furnishing or equipment of the family residence; all agricultural and other tools, implements and machinery; gas and other engines and boilers,, threshing machines, and outfits used therewith, automobiles, motor trucks and other power-driven cars, vehicles of all kinds, boats and all water craft, harness, saddlery and robes. *  *  *  Class Four. All land, town and city lots, with improvements, manufacturing and mining machinery, fixtures and supplies, except as otherwise provided by the Constitution of Montana.  *  *  *  Class Seven. All property not included in the six preceding classes." (Sec. 1999, Rev. Codes 1921.)  And: "As a basis for the imposition of taxes upon the different classes of property specified in the preceding section, a percentage of the true and full value of the property of each class shall be taken as follows:  *  *  *  Class 2. Twenty per cent of its true and full value.  *  *  *  Class 4. Thirty per cent of its true and full value.  *  *  *  Class 7. Forty per cent of its true and full value." (Section 2000.)

The property involved is all embraced in the one return made by the plaintiff company, showing a total valuation placed thereon of $155,875.54. In disposing of this appeal, we think it wholly unnecessary to again indulge in extended review of the proper construction to be placed upon these statutes, the meaning of language employed therein, and the intent and purpose of the legislative assembly, as the whole subject has been fully and comprehensively heretofore dealt with by this court in the case of *Northern Pacific Railway Co. v. Sanders County*, 66 Mont. 608, 214 Pac. 596, in an opinion by Mr. Justice Holloway. In application of these statutes and of the interpretation given thereto in the case just al-

luded to, we are of opinion that the court was in error in its findings and judgment.

1. It is clear to us that the machinery and electrical appliances in the substation are not properly listed for taxation in class 4, as it is manifest that they do not comprise either manufacturing or mining machinery. And, giving meaning to the language employed in the Act, it appears to us that such property should be placed in class 2 within the designation "implements and machinery."

[1, 2]

2. We are of opinion that the engine, pumps, and pipes used for the pumping of water in the substation may not properly be placed in class 4, within the language employed, "manufacturing and mining machinery," and it is clear to us that such property should be placed in class 2, within the terms employed therein, "implements and machinery."

3. We are likewise of the opinion that the shop machinery used for repairing equipment properly falls within class 2 rather than class 4, as it would appear clearly to come within the language employed in class 2, "implements and machinery." It is not properly placed in class 4, as it cannot be said to consist of "manufacturing machinery." From the record it conclusively appears that this machinery is not devoted to manufacturing in any respect; that is, there is nothing produced or manufactured in the plaintiff's shops at Deer Lodge where this equipment is utilized. It is, and has been, devoted exclusively to repair work. The use to which the property is devoted and its productivity is the measuring stick in determining its proper classification under the Act for the purposes of fixing the tax. Although such machinery may be used in manufacture, yet we are of opinion that the use to which it is actually devoted is controlling for purposes of taxation. (*Barnard Realty Co.* v. *City of Butte,* 50 Mont. 159, 145 Pac. 946.)

4. Movable shop tools used in the repair-shops at Deer Lodge are properly to be placed in class 2 rather than class 4, as appears beyond question from the language employed in these

subdivisions. A reading of the decision in the case of *Northern Pacific Ry. Co. v. Sanders County, supra,* demonstrates the correctness of this conclusion.

The case of *Hilger v. Moore,* 56 Mont. 146, 182 Pac. 477, sustained the constitutionality of the Classification Act, and in connection therewith made an extensive review of its purpose and application. However, that which is said therein in general discussion is not controlling in its specific application.

This case arose prior to the enactment of Chapter 61, Laws of 1925, and consequently the procedure therein prescribed was not available to the plaintiff.

It does not seem to us that anything further is required to be said in disposition of this appeal, and therefore the judgment is reversed and the cause remanded to the district court of Powell county, with directions to enter judgment in favor of the plaintiff in accordance with the prayer of its complaint.

*Reversed and remanded.*

Mr. Chief Justice Callaway, and Associate Justices Holloway, Stark, and Matthews, concur.