No. 85-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

LEE McDONALD,

        Plaintiff, Cross-Defendant
        and Appellant,

   -vs-

UNIREX, INC.,

        Defendant, Cross-Claimant
        And Respondent,
   and

EXETER EXPLORATION CO., McALESTER FUEL
COMPANY, and WESTERN CRUDE OIL, INC.,

        Defendants.

_____

APPEAL FROM:  District Court of the Fourteenth Judicial District,
               In and for the County of Musselshell,
               The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lee McDonald, pro se, Denver, Colorado

    For Respondent:

        Crowley, Haughey, Hanson, Toole & Dietrich; Norman
        Hanson, Billings, Montana

_____

              Submitted on Briefs: Dec. 3, 1985

                  Decided: April 22, 1986

APR 22 1986

Filed:

_____
              Ethel M. Harrison
                 Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The District Court for the Fourteenth Judicial District, Musselshell County, entered a partial final judgment that Mr. McDonald's tax deed to a certain mineral reservation right of entry did not give him any interest in oil or gas or minerals under the land. Mr. McDonald appeals. We affirm.

The defendants hold a 45/562.24 interest in the mineral rights underlying certain real property in Musselshell County. Their mineral reservation right of entry was assessed and taxed by the county for the year 1975, under former § 84-301, RCM (1947) (now repealed). The taxes were unpaid. Mr. McDonald obtained the tax deed to the right of entry, together with a certificate of title.

Mr. McDonald claims that his right of entry interest by virtue of the tax deed includes the oil and gas under the land and produced from the land. He brought this action to have title to the oil and gas under the land quieted in him and to recover for oil and gas that had been produced from the land. Defendant Unirex moved for partial summary judgment on the issue of whether the right of entry gave Mr. McDonald any interest in the underlying mineral rights. After submission of briefs and a hearing, the District Court issued a partial final judgment that it did not. The issue was properly certified under Rule 54(b), M.R.Civ.P.

Mr. McDonald's position is that his mineral reservation right of entry includes a right to the underlying oil and gas because of the language in § 15-6-131, MCA (1979), a revision of § 84-301, RCM, which read in part:

> Class one property - description - taxable percentage. (1) Class one property includes:
>
> (a) the right of entry that is a property right reserved in land or received by

2

> mesne conveyance (exclusive of leasehold interests), devise, or succession to enter land whose surface title is held by another to explore, prospect, or dig for oil, gas, coal, or minerals; . . .

He asserts that this section defined right of entry as including the right to explore, prospect, or dig for oil, gas, coal or minerals. He also contends that at the time mineral reservation rights of entry were first taxed in Montana, this state recognized the non-ownership or exclusive right theory with regard to minerals. He relies upon Northern Pac. Ry. Co. v. Musselshell County (1917), 54 Mont. 96, 169 P. 53, to support this contention. Under the non-ownership theory, mineral rights are a servient estate to the right to enter and explore upon the land. Therefore, he maintains, his mineral reservation right of entry includes the minerals under and produced from the land. He acknowledges that Montana has since adopted the ownership-in-place theory in regard to minerals, but maintains that the theory recognized at the time mineral reservation rights of entry were first taxed must be used to determine the nature and extent of his right of entry.

Mr. McDonald's argument based on § 15-6-131, MCA (1979) is unpersuasive. That statute listed property rights which were taxable as class one property. It did not purport to define mineral reservation rights of entry. Authority contrary to Mr. McDonald's position is found at § 70-17-101(5), MCA, which categorizes as easements the right of taking "water, wood, minerals, and other things." See also Cranston v. Musselshell County (1970), 156 Mont. 288, 292, 483 P.2d 289, 291, discussing the "right of entry easement."

We do not find authority in the case Mr. McDonald cited, Northern Pacific, that the non-ownership theory as to minerals-in-place was ever accepted in Montana. It is true

3

that in that case, this Court referred to minerals-in-place as personal rather than real property. Northern Pacific, 169 P. at 56. That classification, however, does not determine whether minerals can be owned in place. 1 Williams and Meyers, Oil and Gas Law § 212 (1985). In Northern Pacific, 169 P. at 58, this Court also categorized a reservation of minerals-in-place as a corporeal hereditament and the right of entry as an incorporeal hereditament. That categorization is consistent with recognition of the ownership-in-place theory. 1 Williams and Meyers, Oil and Gas Law § 209 (1985).

This Court has included in a list of "basic, well-established rules in the field of oil and gas conveyancing" the following: 1) Montana is an ownership-in-place state with regard to oil, gas, and other minerals; 2) title to the mineral interest in land may be separated from the rest of the fee simple title; 3) under a mineral deed conveyance, the grantee receives, among other incidents, the right to go upon the land and explore for and produce oil and gas. Stokes v. Tutvet (1958), 134 Mont. 250, 255, 328 P.2d 1096, 1099. Montana has consistently adhered to the ownership-in-place theory. 1 Williams and Meyers, Oil and Gas Law, § 203.3 (1985).

We conclude that in Montana a mineral reservation right of entry is an easement, and conveys no interest in the underlying oil, gas, or minerals, or in oil, gas, or minerals produced from the land. The District Court is affirmed.

_____
Justice

4

We concur:

John Conway Harrison

_(signature)_

John R. Sheehy

_(signature)_

Justices

5